UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND ORDOUKHANIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                                   ) | No. 4:24-CV-00550 ACL |
| ) | |
| ANDREW BAILEY, et al.,          ) | |
| ) | |
| Respondents.                  ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Raymond Ordoukhanian's motion for leave to proceed in forma pauperis. [ECF No. 2]. The Court has reviewed the motion and the financial information submitted in support and concludes that petitioner is financially unable to pay the filing fee. The Court will therefore grant the motion. *See* 28 U.S.C. § 1915(a)(1). For the reasons discussed below, the petition will be denied, and this action dismissed.

**Background**

The following information is relevant to the case at bar. The information is taken from public records published on Missouri Case.net in petitioner's Missouri State criminal case, *State v. Ordoukhanian,* No. 14L6-CR00475-01 (45th Jud. Cir. 2014). This Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007).

On May 29, 2014, a criminal complaint was filed against petitioner in Lincoln County, Missouri, charging him with statutory rape. An information was filed on July 14, 2014, with the same charge. A jury trial began on August 14, 2017, and on August 16, 2017, the jury returned a guilty verdict. On October 10, 2017, the Honorable James Beck sentenced petitioner to life imprisonment. Petitioner's conviction and sentence were affirmed on appeal. *State v.*

*Ordoukhanian*, No. ED106056 (Mo. Ct. App. 2019). At present, petitioner is incarcerated at the Potosi Correctional Center.

Petitioner filed a motion for post-conviction relief, and the motion court held an evidentiary hearing on November 9 – 10, 2022. *See Ordoukhanian v. State*, No. 17L6-CC00144 (45th Jud. Cir. 2023). The motion court denied relief, and petitioner filed a notice of appeal on June 5, 2023. *Ordoukhanian v. State,* No. ED111752 (Mo. Ct. App. 2023).

Although petitioner was represented by Missouri Public Defender Nancy A. McKerrow in the Missouri Court of Appeals at the outset of his post-conviction appeal, his counsel sought and was granted leave to withdraw on November 20, 2023, by Order of Chief Judge Thomas C. Clark. *See id*.

On December 29, 2023, petitioner filed several pro se motions with the Court of Appeals: (1) a motion for sanctions based on trial counsel's alleged perjury and violation of his alleged "oath and affirmation" under Rule 2-2.15(B); (2) a motion for sanctions pursuant to the Missouri Rules of Professional Conduct; (3) a motion for dismissal of his conviction on the basis of malicious prosecution, *Brady* violations, jury fraud, civil rights violations, and Missouri Supreme Court Rule 25.03; (4) a motion for discovery; (5) a motion for dismissal of his conviction on the basis of "false DNA testing"; (6) a motion for sanctions brought pursuant to Rule 61.01(d) for failure to produce *Brady* material at an evidentiary hearing; (7) a motion for dismissal of his conviction on the basis of jury fraud and fabrication of DNA evidence as well as "newly discovered evidence"; (8) and a motion to file overlength briefs. *See id*.

On January 9, 2024, the Court of Appeals, by Order of Thomas C. Clark, summarily denied petitioner's motions for relief in a one-paragraph order, save for petitioner's motion to file an overlength brief which was denied as moot. In the order, petitioner was reminded that his motions

to the Court of Appeals needed to comply with Missouri Supreme Court Rules 84.04 and 84.06. Petitioner was granted until January 29, 2024, to file "a brief that complies with Rule 84." He was specifically notified that his failure to file a brief in compliance with Rule 84.04 would result in a dismissal of his appeal. *See id.*

Petitioner motioned for appointment of new counsel on January 23, 2024, and the Court granted his motion on January 24, 2024. Counsel was given until April 29, 2024, to file its brief in the case. At present, petitioner's appeal remains pending in the Missouri Court of Appeals. *See Ordoukhanian v. State*, No. ED111752 (Mo. Ct. App. 2023).

The following additional background information is taken from public records published on this United States District Court's Case Management/Electronic Case Files system in the matter *Ordoukhanian v. Sinclair*, No. 4:21-cv-466-JAR (E.D. Mo. Dec. 13, 2021) (hereinafter referred to as *Ordoukhanian I*). This Court takes judicial notice of this prior litigation, the records of which are public records filed in this United States District Court and which relate to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

On or about April 22, 2021, petitioner filed an 88-page civil rights complaint against Brian Sinclair, his former criminal defense attorney. He sought and was granted leave to proceed in forma pauperis. In claims asserted under 42 U.S.C. § 1983, petitioner sought damages from Sinclair for violating his Fourth, Fifth, Sixth, and Fourteenth Amendment rights by conspiring with state officials to conceal and manipulate evidence during his criminal trial. On December 13, 2021, the Honorable John A. Ross dismissed the action in its entirety. *See Ordoukhanian I*.

On October 2, 2023, petitioner filed a second civil rights action, a more than 50-page pro se civil complaint (and 70 pages of exhibits) against two detectives from the Lincoln County Sheriff's Department, Ryan McCarrick and Erin Doherty, District Attorney Michael Wood,

District Attorney Leah Chaney and Lincoln County Assistant Prosecutor Casey Brooks, hereinafter referred to as *Ordoukhanian II*. Although petitioner's complaint is far from concise, he appears to allege that some or all the defendants concealed and fabricated evidence and elicited perjury during his 2017 criminal trial, and one or more of the defendants wrongfully withheld evidence in his 2023 appellate case. The District Court has not yet reviewed petitioner's complaint pursuant to 28 U.S.C. § 1915. *See Ordoukhanian v. Chaney*, No. 4:23-CV-01237 SEP (E.D.Mo.).

### The Petition

Petitioner Raymond Ordoukhanian, an inmate at Potosi Correctional Center, filed the instant petition for writ of mandamus on April 15, 2024. This is petitioner's third civil action brought in this Court attacking his Missouri conviction and sentence.

Petitioner's 30-page petition for writ of mandamus is typewritten and directed against Andrew Bailey, the Attorney General of the State of Missouri, and Chief Judge Thomas C. Clark, II, the Chief Judge of the Missouri Eastern District Court of Appeals. Petitioner indicates that he is seeking a writ of mandamus against Attorney General Bailey and Judge Clark to remedy actions taken against him in his Missouri Appellate Court case, *Ordoukhanian v. State*, No. ED111752 (Mo. Ct. App. 2023). Specifically, he appears to be seeking not only to have his conviction overturned, and to be released immediately from imprisonment, but alternatively, to have this Court order Judge Clark to find misconduct on the part of the prosecutors who tried his criminal action and/or the lawyers who represented him in his criminal case and in his appeal. He seeks relief pursuant to 28 U.S.C. § 1651, Federal Rule of Civil Procedure 60(b) and 18 U.S.C. §§ 241 and 242.[1]

---

[1] 18 U.S.C. §§ 241 and 242 are federal criminal statutes making it illegal for a person acting under color of law to willfully deprive a person of their rights under the constitution or federal law. These statutes do not provide a private right of action, and therefore, cannot be used as a jurisdictional basis. *See, e.g., Brown v. Express Scripts*, 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing claim brought under 18 U.S.C. §

In sum, petitioner appears to argue that Judge Clark's summary denial on January 9, 2024, of his eight pro se motions[2] filed on December 29, 2023, were in error. Petitioner believes that this Court should intervene in the Missouri Court of Appeals action and find that there was "fraud on the Court," as defined in Federal Rule 60, because of respondents' failure to comply with Missouri Supreme Court Rules 2-2.15(B)[3] and 4-3.8(a)[4] regarding the motions he filed.

---

242 because plaintiff had no private right of action); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242, and that the "statutes do not give rise to a civil action for damages").

[2] As noted *supra*, on December 29, 2023, petitioner filed several pro se motions with the Missouri Court of Appeals: (1) a motion for sanctions based on trial counsel's alleged perjury and violation of his alleged "oath and affirmation" under Rule 2-2.15(B); (2) a motion for sanctions pursuant to the Missouri Rules of Professional Conduct; (3) a motion for dismissal of his conviction on the basis of malicious prosecution, *Brady* violations, jury fraud, civil rights violations, and Missouri Supreme Court Rule 25.03; (4) a motion for discovery; (5) a motion for dismissal of his conviction on the basis of "false DNA testing"; (6) a motion for sanctions brought pursuant to Rule 61.01(d) for failure to produce *Brady* material at an evidentiary hearing; (7) a motion for dismissal of his conviction on the basis of jury fraud and fabrication of DNA evidence as well as "newly discovered evidence"; (8) and a motion to file overlength briefs.

[3] Missouri Supreme Court Rule 2-2.15(B). A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate disciplinary authority.

[4] Missouri Supreme Court Rule 4-3.8. Special Responsibilities of a Prosecutor. The prosecutor in a criminal case shall:
  (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;
  (b) make reasonable efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel;
  (c) not seek to obtain from an unrepresented accused a waiver of important pretrial rights, such as the right to a preliminary hearing;
  (d) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;
  (e) not subpoena a lawyer in a grand jury or other criminal proceeding to present evidence about a past or present client unless the prosecutor reasonably believes:
    (1) the information sought is not protected from disclosure by any applicable privilege;
    (2) the evidence sought is essential to the successful completion of an ongoing investigation or prosecution; and

Petitioner asserts that the motions he filed document felony acts of police officials which were assisted by the prosecution and neither Bailey nor Judge Clark "took any remedial action to date." Petitioner sets forth his belief that it is a judge's obligation under Missouri Supreme Court Rule 2-2.15(B) to order immediate remedies for judicial and prosecutorial misconduct taken against a criminal defendant. He seeks relief from this Court.

## Standard of Review

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

---

(3) there is no other feasible alternative to obtain the information;
(f) except for statements that are necessary to inform the public of the nature and extent of the prosecutor's action and that serve a legitimate law enforcement purpose, refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused, and exercise reasonable care to prevent investigators, law enforcement personnel, employees, or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 4-3.6 or this Rule 4-3.8.

**Discussion**

Petitioner is a state prisoner who has filed a petition for writ of mandamus against Chief Judge Thomas C. Clark, II, Chief Judge of the Missouri Eastern District Court of Appeals and Missouri Attorney General Andrew Bailey, seeking to not only have his conviction overturned, and be released immediately from imprisonment, but alternatively, have this Court order Judge Clark find misconduct on the part of the prosecutors who tried his criminal action and/or the lawyers who represented him in his case and in his appeal. The Court lacks jurisdiction to grant such requests. Therefore, for the reasons discussed below, the petition will be denied, and this action dismissed without prejudice.

**A.  Writ of Mandamus**

The issuance of a writ of mandamus is an "extraordinary remedy," and "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95 (1967). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chemical Corp. v. Daiflon, Inc.*, 499 U.S. 33, 35 (1980).

None of the proposed jurisdictional bases offered by petitioner – 18 U.S.C. §§ 241 or 242, or 28 U.S.C. § 1331 – have any relevance to a mandamus action or provide any authority for the Court to decide this case. Rather, the Court's authority to issue a writ of mandamus can come from either the All Writs Act, 28 U.S.C. § 1651, or the federal mandamus statute, 28 U.S.C. § 1361. *See Shaw v. Minnesota*, No. 2022 WL 3128970, at *1 (D. Minn. 2022). Here, neither statute provides a jurisdictional basis for petitioner's request.

### B.  28 U.S.C. § 1651

Pursuant to the All Writs Act, federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651(a); and *Organization for Competitive Markets v. U.S. Dep't of Agriculture*, 912 F.3d 455, 462 (8th Cir. 2018). Three conditions must be satisfied before a writ of mandamus under 28 U.S.C. § 1651(a) may issue. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004). First, the petitioner must have no other adequate means of attaining relief. *Id*. Second, the petitioner has "the burden of showing that his right to issuance of the writ is clear and indisputable." *Id*. at 381. Finally, the issuing court must be satisfied that the writ is appropriate under the circumstances, even if the first two prerequisites are met. *Id*.

In determining whether to issue a writ of mandamus under 28 U.S.C. § 1651, the Court notes that the actions of a "state court are completely outside the field in which" a district court can make judicial review and correction pursuant to 28 U.S.C. § 1651(a). *See Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cty.*, 323 F.2d 485, 486 (8th Cir. 1963). That is, regarding state charges or proceedings, a federal district court does not have either existing or potential jurisdiction to act. *Id*. *See also Veneri v. Circuit Court of Gasconade Cty.*, 528 F. Supp. 496, 498 (E.D. Mo. 1981) (stating that "it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); and *Rivera v. Minnesota*, No. 2022 WL 4298745, at *1 (D. Minn. 2022) (explaining that "a writ to instruct a state court to perform judicial functions is not a writ in aid of this Court's proper jurisdiction"). If a state prisoner wishes to directly attack "the validity of his sentence, the proper vehicle is a habeas corpus action." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993). *See also Middlebrooks*, 323 F.2d at 486 (explaining

8

that "if an unconstitutional restraint were to be imposed upon petitioner in the state proceedings, or as a result thereof, the question of the validity of such restraint could come within our appellate jurisdiction through habeas corpus attack").

In this case, petitioner names a judge and an attorney general as respondents. He makes a broad attack on his state court criminal conviction and sentence, focusing in large part on the actions of his attorneys who represented him and the prosecutor in his criminal trial. He also focuses on the summary dismissal of the motions he filed against both his attorneys and the prosecutor in his criminal trial, which were denied by Judge Clark in the post-conviction appellate proceedings.

Clearly, petitioner believes that numerous courts and judges have made improper or incorrect rulings. Nonetheless, as noted above, the actions of state courts and state judicial officers are outside the realm of 28 U.S.C. § 1651. In other words, the Court cannot use a writ of mandamus to invalidate petitioner's conviction, because the Court does not have either existing or potential jurisdiction over state proceedings. Additionally, this Court cannot direct a state judicial officer in the performance of his or her duties. Such jurisdiction is necessary to issue a writ under the All Writs Act. Therefore, to the extent petitioner seeks a writ of mandamus under § 1651, the petition must be denied.

### C. 28 U.S.C. § 1361 and Federal Rule of Civil Procedure 60 Claims

Pursuant to 28 U.S.C. § 1361, a federal district court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the [petitioner]." "Mandamus may issue under § 1361 against an officer of the United States only in extraordinary situations and when the [petitioner] can establish (1) a clear and indisputable right to the relief sought, (2) the state officer has a

9

nondiscretionary duty to honor that right, and (3) there is no other adequate remedy." *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Furthermore, "the duty owed to the [petitioner] must be ministerial and a positive command so plainly prescribed as to be free from doubt." *Keeny v. Sec'y of the Army*, 437 F.2d 1151, 1152 (8th Cir. 1971). A writ of mandamus cannot be used "to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either." *Id*. at 1152-53.

Here, petitioner is not seeking a writ of mandamus "to compel an officer or employee of the United States or any agency thereof." Rather, he is seeking to have his state criminal conviction and sentence overturned by obtaining a writ of mandamus against an appellate judge and a state attorney general. By its terms, 28 U.S.C. § 1361 does not apply to state actors, but only to officers and employees *of the United States*. As such, this statutory provision does not give the Court jurisdiction to issue the writ of mandamus that petitioner seeks. Therefore, to the extent that petitioner is seeking a writ of mandamus under § 1361, the petition must be denied.

Additionally, although petitioner also seeks "reconsideration" of Judge Clark's orders entered in his post-conviction appellate action, the Court cannot utilize Federal Rule of Civil Procedure 60 to overturn Judge Clark's orders in a state court action. This rule may only be utilized for reconsideration from a federal court ruling.

Furthermore, the All Writs Act cannot be used to circumvent statutory requirements or otherwise binding procedural rules. *See Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). The *Rooker-Feldman* doctrine recognizes that, apart from habeas corpus petitions, lower federal courts lack subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings are commenced and inviting district court review and rejection

10

of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (a federal district court lacks jurisdiction to consider a claim which "in effect constitutes a challenge to a state court decision"). The *Rooker-Feldman* doctrine forecloses both straightforward appeals, and indirect attempts by federal petitioners to undermine state court decisions. Impermissible appellate review occurs when a lower federal court entertains claims that are "inextricably intertwined" with the state court judgment. *Feldman*, 460 U.S. at 482 n. 16; *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990). The federal claims are inextricably intertwined with the state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Keene,* 908 F.2d at 296 (internal citations omitted).

Here, petitioner's claims challenge Judge Clark's January 9, 2024 Court Order and seek to undermine it. Petitioner's federal claims would succeed only to the extent Judge Clark wrongly decided the issues before him on that date. Petitioner's claims in this case are therefore inextricably intertwined with the claims in the instant action, and entertaining them would amount to impermissible appellate review. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to review petitioner's claims. Additionally, the federal district court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the United States Supreme Court. *Id.*

### D. Claims Under 28 U.S.C. § 2254

The Court is cognizant that because petitioner is a self-represented litigant, it must liberally construe his pleadings. To that end, the Court recognizes that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

11

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release). Nevertheless, even if the Court construed the instant petition for writ of mandamus as a habeas action arising under 28 U.S.C. § 2254, the petition would still be subject to dismissal.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). To the extent petitioner can be understood to seek relief pursuant to 28 U.S.C. § 2254, his request is subject to dismissal because there is no indication petitioner has exhausted his state court remedies with respect to his claims for habeas corpus, as petitioner's post-conviction appeal is still pending. *See Ordoukhanian v. State*, No. ED111752 (Mo. Ct. App. 2023).

Before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. Because petitioner's motion for post-conviction appeal is still pending, petitioner's request for release from confinement is premature. *See Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment"). As a result, before petitioner may bring a petition for writ of habeas corpus in this Court, petitioner must first litigate to completion his post-conviction appeal in the Missouri Court of Appeals.

**E. Summary Dismissal**

The burden of proving subject matter jurisdiction belongs to petitioner. *See V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction"). The issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray*, 567 F.3d at 982.

In this case, as discussed more fully above, petitioner has filed a document styled as a petition for writ of mandamus. Instead of compelling an official to fulfill a duty, however, petitioner argues – and in some instances, re-argues – legal and factual issues that he has already litigated at trial, on direct appeal, in a state post-conviction action and is currently arguing on appeal from the denial of that motion.

Petitioner's collateral attack of his conviction is not a proper purpose for a writ of mandamus under 28 U.S.C. § 1651, as the actions of a state court and state judicial officers are matters "completely outside the field" where the Court is permitted to judicially review and correct. In short, § 1651 does not give the Court a jurisdictional basis to entertain this action. Likewise, because petitioner is not seeking "to compel an officer or employee of the United States or any agency thereof," 28 U.S.C. § 1361 provides no jurisdiction to act either.

The Court has considered whether to construe the petition for writ of mandamus as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Even if the petition were so considered, his § 2254 would be unexhausted as his post-conviction appeal is still pending in the Missouri Court of Appeals. Therefore, this Court could not entertain his petitioner for writ of habeas corpus.

For all these reasons, petitioner's petition for writ of mandamus must be denied, and this action dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of mandamus [ECF No. 1] is **DENIED AND DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of April, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE